The plaintiff brought suit against defendant upon a written instrument, therein described as a contract, whereby plaintiff was to furnish certain advertising for the sum of $350. The complaint alleged that plaintiff *Page 34 
had complied with the contract in all particulars but that defendant refused to pay the agreed price therefor.
The statement of evidence as settled by the court discloses that the suit was based upon a written contract whereby plaintiff, for the stated consideration was "authorized to insert * * * our adv. to occupy space of One Quarter Inside Back Cover lower right * * * in The Independent Directory. * * * Publishers may prepare copy. Advertiser will pay for cuts, drawings, etc." The contract contained a provision in bold type that "the printed and written provisions of this contract contain all of the agreements, conditions and representations made by either party hereto and the publishers are not responsible for any agreements of any kind unless incorporated herein."
The evidence on behalf of plaintiff came from one Kates, an assistant manager. Summarized it is that 50,000 copies of the publication were mailed, defendant's name and address were listed under ten capital listings and that the advertisement appeared on the lower right quarter of the inside back cover, that the advertisement did not contain reverse cuts, that a reverse cut consisted of a mass of color on which wording in contrasting color appears; that the agreement was incomplete as to the wording of the textual matter to be used, as to the color scheme to be used, and as to the form of the juxtaposition of the wording; all of which such matters were customarily covered by the further instructions and correspondence between the parties, that all proof is in black and white and is for the purpose of verifying the correctness of the layout and wording, that a proof was mailed defendant for approval and correction, that after approved and corrected it was inserted in the directory.
On behalf of defendant, its president was the only witness. Summarized, his testimony is that he was familiar with advertising techniques, that subsequent to the signing of the contract there was correspondence as to the textual matter, color scheme and reverse cuts.
The court below found as a fact that the contract consisted of the sales agreement, the pertinent parts of which are hereinabove *Page 35 
referred to, and two letters from the defendant to plaintiff dated September 7 and 15, 1948. We quote excerpts from the earlier letter: "We wish our Ad to have the same general appearance as the Red-Blue-White Ad printed in the 1946-47 Book for the Kunzig Company. The text which is to be used in the Sherman Industrial Electronics Company Ad is given on the attached sheet." The attached sheet contained in typewriting the textual matter and was divided roughly in thirds by two horizontal lines. Opposite the upper, middle and lower thirds appear in writing the legends: "White on Red," "Blue on White," "White on Red." The later letter specifically referred to the letter of September 7th. On September 28th, defendant received a proof of the advertisement in black and white which, after correction, was returned to plaintiff. The advertisement as inserted in the directory was in black and white and no reverse cut was used.
Three points are advanced why this court should reverse the judgment. They are (1) that it was error to admit in evidence the letters from the defendant to plaintiff, (2) and error to find that the contract included the aforesaid letters and (3) that it was error to find that plaintiff had not fully performed.
A well settled rule of construction is to find the intention of the parties and having found it, to interpret the contract so as to effectuate that intent. In determining intent, a sound and practical guide is to examine the meaning which the parties by their conduct have given to the contract and construe it in accordance therewith. Williston, Contracts, § 623. KingstonTrap Rock Co. v. Eastern Engineering Co., 132 N.J.L. 254 (E. A. 1944). The plaintiff's witness testified that the contract as originally signed left open for future determination the subjects of text, color scheme and form. When the defendant on September 7th wrote that it wished its advertisement to have the "same general appearance as the Red-Blue-White Ad printed in the 1946-47 Book for the Kunzig Company" and enclosed the text, it was putting into effect its understanding of what the contract called for. As heretofore stated, plaintiff's evidence was that color, *Page 36 
text and form were customarily covered by further instructions and correspondence. In view of this evidence, it is difficult to understand plaintiff's failure to call defendant's attention to the fact that its letter of September 7th called for reverse cuts, i.e., a mass of color on which wording in contrasting color appears. That no objection was voiced to the suggestion of the use of color is well-nigh conclusive that plaintiff then deemed it a proper demand. Both parties having construed the contract as calling for further negotiation in the respects called for, there was no error in admitting in evidence the letters of September 7th and 15th. Upon the basis of the conduct of the parties it is clear that the contract of August 24th, with the two letters, formed the integrated contract. In light of this holding, there is no merit in the third point argued.
The judgment is affirmed.